**UNITED STATES DISTRICT COURT**
**DITRICT OF CONNECTICUT**

**SYLVESTER TRAYLOR**
      **Plaintiff**

   vs.

Pacciuco LLC.,

Town of Waterford

Law Office of Lloyd Langhammer

PHH Mortgage Cooperation

Anthony Colvert Basilica Sr. and Jr.

State of Connecticut

     **Defendants**

CIVIL ACTION:

3:23-cv-329

MAR 10 2023 PM3:32
FILED-USDC-CT-HARTFORD

**JURY TRIAL REQUESTED**
DATE: March 10, 2023

**COMPLAINT**

**COUNT ONE Declaratory and Injunctive Relief**

1. The Plaintiff hereby move for declaratory and injunctive relief of request a cease and desist order doing any construction and/or repairs on 881 Vauxhall St. Ext. Quaker Hill, Connecticut 06375 pending litigations i.e., the Plaintiff exhausting his Appellate Judicial remedies, and for the following reasons:

2. First and foremost, Mr. Traylor has a pending deadline to file his Petition to the Connecticut Supreme Court which is March 16, 2023 and Mr. Traylor has a pending hearing on March 24, 2023, but on today, March 9, 2023, Mr. Traylor received a letter attached to his windshield wiper of his car at 6;30a.m., from Pacciuco LLC., addressed to Mr. Traylor stating that they intent to start construction on Mr. Traylor's two separate parcel located at 881 Vauxhall St. Ext. Quaker Hill, CT. 06375 pending litigation. See attached hereto marked **Exhibit A.**

3. There's a bona fide dispute between the parties. The Plaintiff alleges that he have not exhausted his judicial remedies and he is still the primary owner of his home located at 881 Vauxhall St. Ext. Quaker Hill, CT. 06375 and he have two separate parcel located at 881 Vauxhall St. Ext. Quaker Hill, CT. 06375. Mr. Traylor has placed a lien of $323,000.00 thousand dollars on each of the two separate parcel of Mr. Traylor in question. The told of the two separate parcels liens are: $646,000.00 thousand dollars. See the two separate parcel of Mr. Traylor in question hereto attached marked **Exhibit B and C.**

4. The Town of Waterford brought a civil action against both Mr. Traylor and PHH Mortgage and during this civil action there was a default judgement entered against the Defendant PHH Mortgage. It is Mr. Traylor's contention that Pacciuco, LLC., together with the Town of Waterford through their attorneys are conspiring to commit ***fraud upon the court*** with a predator mortgage company PHH Mortgage, which has been found to have violated the Connecticut Unfair Trade Practice Act. The Town of Waterford together with Pacciuco, LLC, was fully aware that Mr. Traylor had received two favorable CUTPA decisions against PHH Mortgage when they inter an agreement to attempt deprive Mr. Traylor of the rights to his home. One on June 9, 2010 and the second one on May 15, 2014, but instead they still conspired with the predator mortgage company PHH Mortgage for over 18 years by sending them the tax notices that went unpaid with the intent to deprive Mr. Traylor of his home because of his race and color. When Mr. Traylor attempted to pay the taxes during a Bankruptcy, he was told that the Town of Waterford doesn't have a fiduciary agreement with him and returned his check. Mr. Traylor is placing a $1.2 million dollar lien on 881 Vauxhall St. Ext. Quaker Hill, CT. 06375 in direct response to Judge Devine's order within Connecticut Superior Court Docket Number: **KNL-CV18-6037728-S** concerning PHH Mortgage violation of CUTPA. See attached hereto marked **Exhibit D.**

2

5.  It is further Mr. Traylor contention that the PHH Mortgage, a third party to this complaint, is in fact the cause of Connecticut Superior Court Docket Number: **KNL-CV18-6037728-S.** "The traditional defense available to a foreclosure defendant are payment, discharge, release, satisfaction, or invalidity of a lien…. Additional defenses to a foreclosure are mistakes, accident, unclean hands, breach of implied covenant of good faith and fair dealing, equitable estoppel, laches, CUTPA, and refusal to agree to a favorable sale to a third party." (Citation omitted; internal quotation omitted.) *Antonio vs. Johnson*, Superior Court, judicial district of New London at Norwich, Docket 05-4103360 (October 23, 2007 *Devine J.*). Mr. Traylor, hereby allege that the third party PHH Mortgage willfully and deliberately conspired with the Town of Waterford to deprive him of the knowledge to the billing for the property taxes through a deceptive act. It is Mr. Traylor's contention that he is entitled to three times the penalty in damages pursuant to Connecticut Unfair Trade Practice Act.

6.  On February 21, 2023, Mr. Traylor placed a Lis Pendens against the property located at 881 Vauxhall St. Ext. Quaker Hill, CT. 06375 over PACCIUCO LLC., pending the title decisions by both criminal and civil litigations has been exhausted.

7.  The complainant has justiciable civil rights violation disputes in question and privileges as to some fact as it pertains to the two separate parcels located at 881 Vauxhall St. Ext. Quaker Hill, CT. 06375, and for the following reasons:

    7.1 It is Mr. Traylor's contention that the lower court (State Actors) deprived him of the standard 45-day stay of foreclosure, even though both the court and the Town of Waterford were aware that Mr. Traylor had been approved for a Guaranteed Veteran Reverse Home Loan which would cover all appropriate back taxes and penalties. Mr. Traylor claim that he was deprived of his due process and equal protection rights by the State Actors in retaliation against him for causing Governor Malloy to remove former Judge Thomas F. Parker

(a White-American) who reached into the witness box and grabbed Mr. Traylor while question if he (an African-American) felt intimidating by him. This created a racially charged environment toward Mr. Traylor within the same court where he is presently litigating a back taxes civil action in which the Town has refused to send him any bills and/or accept any payments from Mr. Traylor.

7.2 Mr. Traylor was deprived of the right to place a bid on his own property prior to the bidding was closed. Attorney Anthony Basilica  Jr., asked is there anymore bids? Thereafter, Mr. Traylor asked *"Can I bid on my own home?"* Immediately, Attorney Anthony Basilica  Sr. said, *"The bidding is closed"* and then Attorney Anthony Basilica  Jr. who was conducting the auction repeated what his Dad had just said.

7.3 These events must be read against the background that Plaintiff began to receive hate speech and hate mail around the time the Town of Waterford issued a civil complaint for back taxes against his property. Hate speech that causes direct physical harm or incites direct physical harm is not only morally wrong but a crime. The Plaintiff have received death threats that have gone uninvestigated with the intent to run him out of town. There have been numerous incidents when hate speech and symbols of hate, such as the white hoods of the Ku Klux Klan, have incited egregious violence in American history. One example is the extrajudicial lynching in the southern United States during the 1930s, which were the result of racial hatred groups. Needless to say, to receive such hate mail "Lynch Traylor" and "Hang Traylor" has evoked an unbearable level of fear in Mr. Traylor that makes it difficult to live in my own hometown. Mr. Traylor feel like they are trying to drive him out because of his race.  And this level of prejudice cannot be separated from the facts and law at issue in this matter. As debilitating as this is, especially when dealing with a pro se litigant operating in good faith, judicial forbearance and understanding should prevail.

7.4 Mr. Traylor, an African-American claims that he was not treated equally as White-Americans within his community and by the New London Superior Court. Mr. Traylor alleges that he has been retaliated against by the New London Superior Court. Mr. Traylor feel as though these hate crimes are a form of retaliation against him for speaking out against other systemic injustices in the area. It is a fact that, in a different case previously heard in this court, former Judge Thomas F. "Parker (a White-American) reached into the witness box and grabbed Mr. Traylor while questioning him: "*If I (an African-American) felt intimidating by him.*" This created a racially charged environment toward myself within the same courthouse where I'm presently litigating a back taxes civil action in which the Town has refused to send me a bill and/or take any payments from me. See Governor Dannel Malloy's letter hereto marked **Exhibit E.**

7.5 The Town of Waterford's attorney, Lloyd L. Langhammer committed fraud upon Bankruptcy Court by rejecting Mr. Traylor's current taxes, and then moved the Bankruptcy to dismiss Mr. Traylor's Bankruptcy for failure to pay the said taxes. Instead of accepting Mr. Traylor's current taxes, he received hate mail of the most vicious and racist variety. Hate speech that causes direct physical harm or incites direct physical harm is not only morally wrong but a crime.

8. The racism in these circumstances have permeated all dealings, including before the lower courts of this state, depriving Mr. Traylor of a fair opportunity to save his home from foreclosure.

## PARTIES

9. At all relevant times mentioned herein, the Plaintiff is SYLVESTER TRAYLOR, an African-American, who is a member of a protected class, and who resides at 881 Vauxhall St. Ext. Quaker Hill, CT 06375.

10. At all relevant times mentioned herein, Mr. Traylor does hereby sue the above Defendants as follows:

10.1    Pacciuco LLC., is a Connecticut limited liability company with a place of business located at 22 Robinson St. New London, CT. 06320. The principal and sole member of Pacciuco LLC was Patrick Saint Jean.

10.2    The Town of Waterford 15 Rope Ferry Rd. Waterford, CT. 06385

10.3    Lloyd Langhammer, 18A Granite Street, New London, CT. 06320

10.4    PHH Mortgage agent of service Cooperation Service Company Location Goodwin Square 225 Asylum St. Hartford, Ct. 06103

10.5    Anthony Colvert Basilica Sr. and Jr. 37 Granite St. New London, CT. 06320

10.6    The State of Connecticut 165 Capital Ave. Hartford, CT. 06134

10.7    At all times described herein, the Defendants was involved in trade or commerce in the State of Connecticut as defined in C.G.S. Section 42-110 et. Seq.

11. The transaction between Pacciuco LLC and the Town of Waterford was not a normal secondary mortgage purchase, but rather an act intended to target the Plaintiff specifically because of his race and color with the intent to negate Mr. Traylor's two favorable CUTPA rulings without a trial under the Connecticut Unfair Trade Practice Act.

6

12. In a normal secondary mortgage purchase, the purchaser pays off all subdivided properties and/or inter into an agreement to resolve the title of the land. In the current case the Defendant have failed to resolve the CUTPA dispute between Mr. Traylor and PHH Mortgage as well as failed to purchase the two separate parcels of land owned by Mr. Traylor located at 881 Vauxhall St. Ext. Quaker Hill, CT. 06375.

13. The Defendants has failed to carry a litigation to obtain Mr. Traylor's interest in a CUTPA violation against PHH Mortgage for the property located at 881 Vauxhall St. Ext. Quaker Hill, CT. 06375.

14. The Defendants herein, through its agent Patrick Saint Jean, arranged to purchase Mr. Traylor's property with the intent to negate Mr. Traylor's interest in a CUTPA violation against PHH Mortgage which would cause an insult to injury.

15. Pacciuco LLC and/or the Town of Waterford cannot attempt to foreclose on Mr. Traylor without addressing the CUTPA violation because herein and attached Mr. Traylor have two favorable rulings that his rights to his property were violated. Furthermore, the Town of Waterford had no intention on receiving any tax payments from Mr. Traylor despite the fact that Mr. Traylor never had a mortgage agreement with PHH Mortgage; therefore, there's absolutely no reason why they failed to send Mr. Traylor a bill and/or a letter in demand.

16. It is Mr. Traylor's contention that both the Town of Waterford and Pacciuco LLC conduct was fraudulent before the court.

17. It is Mr. Traylor's contention that on December 11, 2021, Pacciuco LLC was conspiring Attorney Anthony Basilica Jr and Sr. to deprive Mr. Traylor of his rights to place a bid on his own property prior to the bidding was closed. Attorney Anthony Basilica Jr., asked is there anymore bids? Thereafter, Mr. Traylor asked *"Can I bid on my own home?"* Thereafter, Attorney Anthony Basilica Sr. said,

7

*"The bidding is closed"* and then Attorney Anthony Basilica  Jr. who was
conducting the auction repeated what his Dad had just said.

18. It is also Mr. Traylor's contention that the New London Superior Court (State
    Actors) located at 70 Huntington St. New London, CT. 06320 deprived him of the
    standard 45-day stay of foreclosure, even though both the court and the Town of
    Waterford were aware that Mr. Traylor had been approved for a Guaranteed
    Veteran Reverse Home Loan which would cover all appropriate back taxes and
    penalties. Once again, Mr. Traylor claim that he was deprived of his due process
    and equal protection rights by the State Actors in retaliation against him for
    causing Governor Malloy to remove former Judge Thomas F. Parker (a White-
    American) who reached into the witness box and grabbed Mr. Traylor while
    question if he (an African-American) felt intimidating by him. This created a
    racially charged environment toward Mr. Traylor within the same court where he
    is presently litigating a back taxes civil action in which the Town has refused to
    send him any bills and/or accept any payments from Mr. Traylor.

19. It is Mr. Traylor's contention that his race and color has played a major violation
    of my civil rights. Youngs J., Knox J., and Murphy J., the ,Town of Waterford
    Connecticut, Attorney Lloyd L. Langhammer, Attorney Anthony C. Basilica Sr.
    and Jr., have violated my civil rights under 42 U.S.C. Sec. 1983 by sending me
    hate mail through the United States Post Office of which the Town of Waterford
    has failed to properly investigate because of my racial and ethnic background. I
    further argue that the reasons behind the "hate mail" is to deprive me of my
    property located at 881 Vauxhall St. Ext. Quaker Hill, Connecticut 06375.

20. I began to receive hate speech and hate mail around the time the Town of
    Waterford issued a civil complaint for back taxes against my property. I had not
    received tax bills for the entire eighteen years. When I received a foreclosure
    notice on my home, I contacted the Town of Waterford and attempted to pay the
    amount due. The town returned my check and continued with the foreclosure

process. The Town of Waterford's own attorney, Lloyd L. Langhammer, has been on investigation for over three years by their own Police Department for hate mail based on racism without any arrest. His injustices include sending mail addressed to me with names such as "Lynch Traylor" and "Hang Traylor." One of Attorney Langhammer's own employee did in fact send a letter to The Town of Waterford's Police Department confirming that the hate mail was coming from Attorney Langhammer.

21. Hate speech that causes direct physical harm or incites direct physical harm is not only morally wrong but a crime; however, such Hate speech in the New London Superior Court went unaddressed. I have received death threats that have gone uninvestigated with the intent to run me out of town. Physical injury or harm is a measurable consequence of an action. Hate speech and/or mail that causes direct physical harm or incites direct physical harm is a crime. There have been numerous incidents when hate speech and symbols of hate, such as the white hoods of the Ku Klux Klan, have incited egregious violence in American history. One example is the extrajudicial lynching in the southern United States during the 1930s, which were the result of racial hatred groups. Needless to say, to receive such hate mail "Lynch Traylor" and "Hang Traylor" has evoked an unbearable level of fear in me that makes it difficult to live in my own hometown. I feel like they are trying to drive me out because of my race.

22. I believe my fundamental rights have been violated by the New London Superior Court located at 70 Huntington St. New London, Connecticut 06320 because of my race and color. I also feel like these hate crimes are a form of retaliation against me for speaking out against other systemic injustices in the area. It is a fact that former Judge Thomas F. "Parker (a White-American) reached into the witness box and grabbed me while questioning me "If I (an African-American) felt intimidating by him." This created a racially charged environment toward myself within the same courthouse where I'm presently litigating a back taxes civil action

in which the Town has refused to send me a bill and/or take any payments from me.

23. I believe my fundamental rights because I obtained a Veteran Home Loan in the amount of $120,000.00 to cover the back taxes, despite this ongoing dispute, the New London Superior Court Judge Youngs denied me the opportunity. It is my contention that this denial (without any explanation and/or articulation) was in direct retaliation against me for causing former Judge Thomas F. Parker not to be reappointed. It further supports my contention that this denial was based on my race and color. I was not granted the same standard 45-day stay on foreclosure that is provided to all others seeking to avoid foreclosure in order to secure a loan. Both the court and the town who are seeking back taxes were aware that I had been approved for a VA Guaranteed Home loan. They knew I had the funding available, and they still refused to grant me the opportunity to pay the back taxes.

24. I am alleging retaliation. My ethnicity as an African-American has contributed to a pattern of unrighteous discrimination in this matter. The State Actor's actions in this complaint are leading towards a 42 US Code Sec. 1983 "action for deprivation of rights' claim.

25. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). In addition, to effectuate substantial justice, courts grant significant leeway to a pro se litigant as is the case here, so that a "document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). In addition, the guarantee of equal protection means that "all persons similarly situated should be treated alike." *Plyler v. Doe*, 457 U.S. 202, 216 (1982). The question is whether I as an

African-American diligently pursued a VA Guaranteed Home loan to avoid losing my home due to a tax lien for which I had no timely notice and for which I had a secured VA loan to pay the taxes but for the actions taken by the town of Waterford and mortgager (PHH Mortgage) have prevented my payment of my property taxes because of my race and color.

26. The attorneys for the Town of Waterford, Lloyd Langhammer, Basilica Law Office as attorneys and members of the State of Connecticut bar.

27. The transaction between Pacciuco LLC and the Town of Waterford was not a normal secondary mortgage purchase, but rather an act intended to target the Defendant specifically because of his race and color with the intent to negate Mr. Traylor's two favorable CUTPA rulings without a trial under the Connecticut Unfair Trade Practice Act.

28. The Plaintiff's conduct is immoral, unethical, unscrupulous, fundamentally unfair, and offends public policy of the State of Connecticut as same is established by statue, common law or otherwise.

29. The Plaintiff may not enforce any instrument, the making of which violates C.G.S. Section 42-110 et. Seq.

29.1    Mr. Traylor learned of the continual CUTPA through the Town of Waterford's Tax Collector's Office within September 2020, Mr. Traylor spoke with the tax collector for the Town of Waterford, Alan Wilensky, and he indicated the reason why Mr. Traylor never received any Property Tax Bills within the last 16 years was that the Town of Waterford had being coding PHH Mortgage to receive notice and/or bills instead of sending the bills and/or notices to Mr. Traylor, despite the fact that Mr. Traylor never had a mortgage with PHH Mortgage. See attached hereto Appendix A-3, the coding "CL" for

"Core Logic," on behalf of PHH Mortgage. Core Logic is a billing service database for Municipalities.

29.2    On Jan. 21, 2022, at approximately 9:20 am, Mr. Traylor spoke with the Tax Collector Alan Wilensky for the Town of Waterford. He reiterated the reason why he stated back in Sept. 2020 (why Mr. Traylor never received any property Tax Bills and/or current amount due prior to this action) was because it was coded "CL" (Core Logic) until Dec. of 2020. See attached hereto **Appendix A-3,** the Tax Collector Alan Wilensky highlighted areas in yellow.

29.3    Normally, those who are seeking knowledge of their taxes due they can call upon the Town's Tax Collector who they trust to tell them why they never received a bill, or a plan to pay the taxes due, but in this case it was extremely difficult for Mr. Traylor to navigate the obstacle course that the Town of Waterford had set up for him not only to know what was the taxes due, but why wasn't he getting any notices. It would appear that the Town of Waterford refusal to accept any reasonable payments from Mr. Traylor is because of his race and color which could possibly lead to a 42 US Code Sec. 1983 "action for deprivation of rights."

30. Pursuant to C.G.S. Sec. 41-110g(c) a copy of this complaint has been mailed to the Attorney General and the Commissioner of Consumer Protection.

## **JURISDICTION**

31. Jurisdiction of the State of Connecticut Superior Court is invoked pursuant to: Connecticut Constitution Art. 1 Sec.10. ***"All Courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due cause of law."***

32. At all relevant times mentioned herein, the above Defendants are hereby sued in their official and personal capacity for the defamation of Mr. Traylor's character. The above Defendants have acted willfully and maliciously in and attempt to cover up their actions which are contrary to CGS. 53a-186 (public indecency). Whereas, in this complaint the Defendants actions cause a public concern, and the issues presented in this complaint raise constitutional questions that require this courts' *de novo* review. This court has jurisdiction pursuant to <u>Marbury v. Madison,</u> 5 U.S. (1 Cranch) 137 (1803) which is a landmark case in United States law and in the history of law worldwide. This case formed the basis for the exercise of judicial review in the United States under Article III of the Constitution. It was also the first time in Western history a court invalidated a law by declaring it "unconstitutional".

32.1    **IN THAT** Mr. Traylor raises constitutional questions that State laws were misapplied to him by the State of Connecticut Superior Court in New London and the State of Connecticut Appellate Court, their actions have violated Mr. Traylor's due process and equal protection rights. Also see Title 42 U.S.C. Sec. 1985: *Section 1 of the act (now codified at 42 U.S.C. § 1983, and called in this entry "section 1983"), provided that any person deprived of rights conferred by the Constitution by someone acting **<u>under color of law</u>** (i.e., a **<u>state or local official acting with legally granted authority, or, through purporting to act within such limits, an official may be misusing authority</u>**) or custom could bring suit in federal court and recover damages or equitable relief. Section 2 (now codified at 42 U.S.C. § 1985, and called in this entry "section 1985") of* the act provided criminal sanctions *and a civil damages action for* <u>conspiracy</u> *to commit a range of offenses.*

32.2    The cause of this complaint arose out of the fact that the Defendants, The Waterford Police Department  has deprived Mr. Traylor of his equal protection and due process rights secured by the Constitution and laws of the United States as well as laws of the State of Connecticut and its' Constitution.

33. These acts by the above Defendants are a direct and proximate cause to aggrievement of Mr. Traylor and violated  Mr. Traylor's rights under the Connecticut Constitution; Article 1.

34. Jurisdiction of this Court is invoked in compliance with the Connecticut Constitution Art. 1 Sec. 20.

34.1    Connecticut Constitution Art. 1 Sec. 20: **"No person shall be denied the equal protection of the law nor be subjected to segregation or discrimination in the exercise or enjoyment of his or her civil or political rights because of religion, race, color, ancestry, national origin, sex or physical or mental disability."**

35. Venue lies within BOTH the Connecticut Superior Court and the **UNITED STATES DISTRICT COURT OF CONNECTICUT** jurisdiction and taking into consideration that the Defendants have continued to violate the Connecticut Unfair Trade Practice Act as of this day, January 30, 2013. And violate Mr. Traylor's due process and equal protection claims under both the 14th Amendment to the United States Constitution and 42 U.S.C. 1983.

36. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). In addition, to effectuate substantial justice, courts grant significant leeway to a pro se litigant as is the case here, so that a "document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). In addition, the guarantee of equal protection means that "all persons similarly situated should be treated alike." *Plyler v. Doe*, 457 U.S. 202, 216 (1982). The question is whether I as an

African-American diligently pursued a VA Guaranteed Home loan to avoid losing my home due to a tax lien for which I had no timely notice and for which I had a secured VA loan to pay the taxes but for the actions taken by the town of Waterford and mortgager (PHH Mortgage) have prevented my payment of my property taxes because of my race and color.

37. At all times described herein, the Plaintiff was involved in trade or commerce in the State of Connecticut as defined in C.G.S. Section 42-110 et. Seq.

38. Wherefore, Mr. Traylor has been harmed due to the egregious actions of the Defendants. Mr. Traylor prays for **Declaratory and Injunctive Relief** as hereinafter set forth.

**COUNT TWO (42 U.S.C. § 1983 CLAIM as to the Defendants, State of Connecticut, Town of Waterford and their Attorney, Lloyd L. Langhammer together with Attorney Anthony Basilica Sr. and Jr.**

1-38. Paragraphs 1 through 38, inclusive of the First Count, are herein set forth as Paragraphs 1 through 39, respectively, of the Second Count.

39. At all relevant times mentioned herein, Sylvester Traylor, is a member of a protected class, and hereby sues the above Defendants for acting under the color of law and for the deprivation of both the United States Constitution and the State of Connecticut Constitution equal protect and due process rights to the fourteenth amendment.

40. The Plaintiff alleges that the Town of Waterford can be held liable for the acts of its employees pursuant to **42 U.S.C. § 1983**.

41. In this count, the plaintiff alleges that all the Defendants violated the Plaintiff rights under 42 U.S.C. §§ 1983 as well as the fourteenth amendments to the

United States Constitution. 42 U.S.C. § 1983 states: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. Section 1983 "imposes liability on a government that, under color of some official policy, `causes' an employee to violate another's constitutional rights."

42. **IN THAT** the Town of Waterford unauthorized practice of retaliation and discrimination against the Plaintiff must have known about the violation of **42 U.S.C. §§ 1983**.

43. **IN THAT** The Plaintiff further alleges that under the "[*Monell Claim*] it extends liability to a municipal organization where the Town of Waterford has failed to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation.

44. **IN THAT** the Town of Waterford has been found to have a custom that causes a constitutional violation when faced with a pattern of misconduct under the color of law by its subordinates.

45. **IN THAT** it is Mr. Traylor's contention that on December 11, 2021, Pacciuco LLC was conspiring with Attorney Anthony Basilica  Jr and Sr. through the Town of Waterford and PHH Mortgage to deprive Mr. Traylor of his rights to

place a bid on his own property prior to the bidding was closed. Attorney
Anthony Basilica  Jr., asked is there anymore bids? Thereafter, Mr. Traylor
asked *"Can I bid on my own home?"* Thereafter, Attorney Anthony Basilica  Sr.
said, *"The bidding is closed"* and then Attorney Anthony Basilica  Jr. who was
conducting the auction repeated what his Dad had just said.

46. **INTHAT,** it is also Mr. Traylor's contention that the New London Superior Court
(State Actors) located at 70 Huntington St. New London, CT. 06320 deprived
him of the standard 45-day stay of foreclosure, even though both the court and
the Town of Waterford were aware that Mr. Traylor had been approved for a
Guaranteed Veteran Reverse Home Loan which would cover all appropriate
back taxes and penalties. Once again, Mr. Traylor claim that he was deprived
of his due process and equal protection rights by the State Actors in retaliation
against him for causing Governor Malloy to remove former Judge Thomas F.
Parker (a White-American) who reached into the witness box and grabbed Mr.
Traylor while question if he (an African-American) felt intimidating by him. This
created a racially charged environment toward Mr. Traylor within the same
court where he is presently litigating a back taxes civil action in which the Town
has refused to send him any bills and/or accept any payments from Mr. Traylor.

47. It is Mr. Traylor's contention that his race and color has played a major violation
of his civil rights by the Defendants Town of Waterford Connecticut, Attorney
Lloyd L. Langhammer, Attorney Anthony C. Basilica Sr. and Jr. in violation of
42 U.S.C. Sec. 1983 by sending him hate mail through the United States Post
Office of which the Town of Waterford has failed to properly investigate
because of his racial and ethnic background. It is further Mr. Traylor's
contention that the reasons behind the "hate mail" is to deprive me of my
property located at 881 Vauxhall St. Ext. Quaker Hill, Connecticut 06375.

48. Mr. Traylor began to receive hate speech and hate mail around the time the
Town of Waterford issued a civil complaint for back taxes against Mr. Traylor's

property. Mr. Traylor had not received a tax bills for the entire eighteen years that he lived at his Quaker Hill home. The Town of Waterford's own attorney, Lloyd L. Langhammer, has been on investigation for over three years by their own Police Department for hate mail based on racism without any arrest. His injustices include sending mail addressed to Mr. Traylor with names such as "Lynch Traylor" and "Hang Traylor." One of Attorney Langhammer's own employee did in fact send a letter to The Town of Waterford's Police Department confirming that the hate mail was coming from Attorney Langhammer.

49. Hate speech that causes direct physical harm or incites direct physical harm is not only morally wrong but a crime. I have received death threats that have gone uninvestigated with the intent to run me out of town. Physical injury or harm is a measurable consequence of an action. Hate speech and/or mail that causes direct physical harm or incites direct physical harm is a crime. There have been numerous incidents when hate speech and symbols of hate, such as the white hoods of the Ku Klux Klan, have incited egregious violence in American history. One example is the extrajudicial lynching in the southern United States during the 1930s, which were the result of racial hatred groups. Needless to say, to receive such hate mail "Lynch Traylor" and "Hang Traylor" has evoked an unbearable level of fear in me that makes it difficult to live in my own hometown. IT is my contention that I'm being driven out of my home because of my race through the deprivation of rights equal to White-Americans.

50. It is Mr. Traylor's contention that his fundamental rights have been violated by the New London Superior Court located at 70 Huntington St. New London, Connecticut 06320 because of my race and color. It is his belief that these hate crimes are a form of retaliation against me for speaking out against other systemic injustices in the area. It is a fact that former Judge Thomas F. "Parker (a White-American) reached into the witness box and grabbed me while questioning me "If I (an African-American) felt intimidating by him." This created a racially charged environment toward myself within the same courthouse where

I'm presently litigating a back taxes civil action in which the Town has refused to send me a bill and/or take any payments from me.

51. It is Mr. Traylor's belief that his fundamental rights are being violated. Mr. Traylor obtained a Veteran Home Loan in the amount of $120,000.00 to cover the back taxes, despite this ongoing dispute, but the New London Superior Court Judge Youngs denied him the opportunity. It is Mr. Traylor's contention that this denial (without any explanation and/or articulation) was in direct retaliation against me for causing former Judge Thomas F. Parker not to be reappointed. It further supports his contention that this denial was based on my race and color. Mr. Traylor was not granted the same standard 45-day stay on foreclosure that is provided to all others seeking to avoid foreclosure in order to secure a loan. Both the court and the town who are seeking back taxes were aware that Mr. Traylor had been approved for a VA Guaranteed Home loan. They knew Mr. Traylor had the funding available, and they still refused to grant me the opportunity to pay the back taxes.

52. Mr. Traylor is alleging retaliation under the color of law. My ethnicity as an African-American has contributed to a pattern of unrighteous discrimination in this matter. The State Actor's actions in this complaint are leading towards a 42 US Code Sec. 1983 "action for deprivation of rights' claim.

53. These allegations against the Town of Waterford, Lloyd Langhammer and Basilica Law Office are against the actions of the Town of Waterford who had in effect de facto policies, practices, and customs exhibiting deliberate indifference to the constitutional rights of citizens and residents of the Town of Waterford, which were a proximate cause of the unconstitutional misconduct.

54. These de facto [policies,] practices, and [customs] include, *inter alia*:

a. The failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control police officers engaged in unconstitutional practices, particularly those police officers who are repeatedly accused of such acts;

b. The failure to properly train, provide guidelines and supervise police officers in conducting a reasonable search or seizure;

c. The police code of silence wherein police officers regularly cover-up police unlawful conduct, *inter alia*, in sworn testimony, official reports, and in public statements, all of which are designed to cover for and or falsely exonerate the accused police officers;

d. The failure to adequately train and provide guidelines for facilitating lifesaving medical treatment for detainees;

e. The failure to properly train, provide guidelines and supervise police officers in conducting a reasonable search or seizure;

f. The social and work mores of the Waterford Police created an atmosphere and culture in which malicious treatment of citizens is tolerated.

55. The above de facto policies, practices, and customs of The Town of Waterford, Lloyd Langhammer and Basilica Law Office amount to a deliberate indifference to the safety and lives of the citizens and residents who reside in New London.

56. Each of Defendants, Town of Waterford, Lloyd Langhammer and Basilica Law Office had the duty and the opportunity to protect Mr. Traylor from the unlawful violation of **42 U.S.C. §§ 1983** and Connecticut Constitution Art.1 Sec. 1, and 20, but refused to do so.

57. Wherefore, Mr. Traylor has been harmed due to the egregious actions that constituted a **MONELL CLAIM** by the Defendants, the Town of Waterford, Lloyd Langhammer and Basilica Law Office**.** Mr. Traylor prays for judgment against Defendants as hereinafter set forth.

**COUNT THREE (Connecticut Unfair Trade Practice Act Violation), as to the Defendants PHH Mortgage Corporation, Pacciuco LLC, Attorney Anthony Basilica Sr. and Jr. and Attorney Lloyd L. Langhammer)**

1-57. Paragraphs 1 through 57, inclusive of the First Count and Second Count are herein set forth as Paragraphs 1 through 58, respectively, of the Third Count.

58. This is a Connecticut Unfair Trade Practice Act Violation Complaint and pursuant to the Connecticut Constitution Art. 1 Sec.10. ***"All Courts shall be open, and every person, for an injury done to him in his person, <u>property</u> or reputation, shall have remedy by due cause of law."***

59. Sylvester Traylor is a Veteran of the United States Army and at all times mentioned herein is a law abiding citizen of the United States has two separate parcels located at 881 Vauxhall St. Ext, Quaker Hill, CT. 06375.

60. At all times mentioned herein the Defendants PHH Mortgage, Pacciuco LLC nor the Town of Waterford has ever attempt to foreclose of Mr. Traylor's two separate parcels located at 881 Vauxhall St. Ext. Quaker Hill, CT. 06375.

61. On December 11, 2021, it was brought to the attention to Patrick Saint Jean of Pacciuco LLC that there's an ongoing CUTPA dispute between Mr. Traylor and PHH Mortgage Corporation. On December 11, 2011, Mr. Traylor Pacciuco LLC two separated favorable CUTPA violations orders against the Defendant, PHH MORTGAGE CORPORATION which were recorded within the "law of the case".

Those memorandums of decisions against PHH Mortgage has not been revoked under CGS 52-119. CGS 52-119: Party cannot refuse obedience to order of court because he deems it erroneous, or because it is erroneous; until revoked or reversed, it is the law of the case. 63 C. 566.Statute does not require nonsuit to be granted where to do so would run counter to sound principles of procedure. 130 C. 654. Cited. 180 C. 223; 188 C. 145.

62. Prior to On December 11, 2021, Attorney Lloyd L. Langhammer, Attorney Anthony Basilica  Sr. and Jr. had also received a copy of the two separate favorable CUTPA decisions against PHH Mortgage**.**

63. The principal and sole member of Pacciuco LLC was Patrick Saint Jean.

63.1    The transaction between Pacciuco LLC and the Town of Waterford was not a normal secondary mortgage purchase, but rather an act intended to target the Defendant specifically because of his race and color with the intent to negate Mr. Traylor's two favorable CUTPA rulings without a trial under the Connecticut Unfair Trade Practice Act.

63.2    In a normal secondary mortgage purchase, the purchaser pays off all subdivided properties and/or inter into an agreement to resolve the title of the land. In the current case the Plaintiff have failed to resolve the CUTPA dispute between Mr. Traylor and PHH Mortgage as well as failed to purchase the two separate parcels of land located at 881 Vauxhall St. Ext. Quaker Hill, CT. 06375.

63.3    The Plaintiff has failed to carry a litigation to obtain Mr. Traylor's interest in a CUTPA violation against PHH Mortgage for the property located at 881 Vauxhall St. Ext. Quaker Hill, CT. 06375.

63.4   The Plaintiff herein, through its agent Patrick Saint Jean, arranged to purchase Mr. Traylor's property with the intent to negate Mr. Traylor's interest in a CUTPA violation against PHH Mortgage which would cause an insult to injury.

63.5   Pacciuco LLC and/or the Town of Waterford cannot attempt to foreclose on Mr. Traylor without addressing the CUTPA violation because herein and attached Mr. Traylor have two favorable rulings that his rights to his property were violated. Furthermore, the Town of Waterford had no intention on receiving any tax payments from Mr. Traylor despite the fact that Mr. Traylor never had a mortgage agreement with PHH Mortgage; therefore, there's absolutely no reason why they failed to send Mr. Traylor a bill and/or a letter in demand.

63.6   It is Mr. Traylor's contention that both the Town of Waterford and Pacciuco LLC conduct was fraudulent before the court.

64. The attorneys for the Town of Waterford, Basilica Law Office, and Pacciuco LLC conducted this as attorneys and members of the State of Connecticut bar.

65. The transaction between Pacciuco LLC and the Town of Waterford was not a normal secondary mortgage purchase, but rather an act intended to target the Defendant specifically because of his race and color with the intent to negate Mr. Traylor's two favorable CUTPA rulings without a trial under the Connecticut Unfair Trade Practice Act.

66. The Plaintiff's conduct is immoral, unethical, unscrupulous, fundamentally unfair, and offends public policy of the State of Connecticut as same is established by statue, common law or otherwise.

67. The Plaintiff may not enforce any instrument, the making of which violates C.G.S. Section 42-110 et. Seq.

68. Wherefore, Mr. Traylor has been harmed due to the egregious actions of the Defendants. Mr. Traylor prays for judgment as hereinafter set forth.

**COUNT FOUR**: (**RETALIATION PRACTICE as to the Defendants, Town of Waterford and their Attorney, Lloyd L. Langhammer together with Attorney Anthony Basilica  Sr. and Jr.**

1-68. Paragraphs 1 through 68 are incorporated and hereby made paragraphs 1 through 69 of the Fourth Count.

69. The above mentioned Constitutional violations, including laws of the United States and the State of Connecticut were done in retaliation, negligence and the misrepresentation by the above Defendants through their offices and employees in one or more of the following ways:

**69.1    IN THAT** it is Mr. Traylor's contention that normally, those who are seeking knowledge of their taxes due they can call upon the Town's Tax Collector who they trust to tell them why they never received a bill, or a plan to pay the taxes due, but in this case it was extremely difficult for him to navigate the obstacle course that the Town of Waterford had set up for him not only to know what was the taxes due, but why wasn't he getting any notices. Even after those obstacles were brought to light, the Town of Waterford refused to acknowledge their own error and to accept a $2,500 monthly payment plan, which would amount to a substantial payment of $30,000.00 per year which would pay off the debt in two and a half years. The Town of Waterford's refusal to accept any reasonable payments from me is because of my race and color which could possibly lead to a 42 U.S. Code Section 1983 "action for deprivation of rights."

**69.2**    Herein, there is no question that Mr. Traylor was diligent and persistent in pursuing to determine the amount of his property taxes due and trying to get them paid prior to Docket Number: **KNL-CV18-6037728-S**, despite the way that the system itself hindered and limited me to pay off his back taxes.

**69.3**    Mr. Traylor have in fact received hate mail and threats to my life which are in direct connection with the Town of Waterford's back taxes. Mr. Traylor's home has been broken into on several occasions. On one occasion, it was discovered the Town of Waterford had broken into his home without a warrant. During which time Mr. Traylor filed a complaint in the Connecticut Superior Court requesting my property back. As of this day, Mr. Traylor have not received my property back due to retaliation within Connecticut Judicial Branch. See Judicial Docket Number: **FST-CV14-5015414-S.**

70. The constitutional promises of access to the courts and equal protection under the law combine to assure equal justice for all. The access guarantee, by itself, is the constitutional expression of the foundational understanding of our legal system that every person has a right to his or her day in court. Undue retaliation, blacklisting or creating racial discriminatory barriers to that right should not prevent a citizen from pursuing his or her disputes in an impartial court. This is not just good policy, but a constitutional mandate that grows, in part, from our experience as a colony under Great Britain, particularly from the Stamp Act, which imposed a tax on legal papers to prevent colonial Americans from pursuing their rights against their British governors. See the Stamp Act, judicial decisions on unstamped papers were invalid, effectively closing the courts to all civil litigation. Hon. Randy J. Holland, *Anglo-American Templars: Common Law Crusaders*, 8 Del. L. Rev. 137, 146 (2006).

71. All of these retaliation activities are no more or less than a denial of Mr. Traylor's equal protection and due process rights, on its face.

72. Each of Defendants had the duty and the opportunity to protect Mr. Traylor from the unlawful retaliation, but refused to do so.

73. Wherefore, Mr. Traylor has been harmed due to the egregious actions of the above Defendants, and prays for judgment against Defendants as herein after set forth.

WHEREFORE, Mr. Traylor claims:

1. Monetary damages;

   1.1 Connecticut Unfair Trade Practice Act Violation

   1.2 42 U.S.C. 1983 Claim

   1.3 Racial Discrimination

   1.4 Retaliation

2. Declaratory and Injunctive Relief;

3. Interest and cost as to all counts;

4. Damages for the deprivation of rights provided by the State of Connecticut Constitution and Federal Constitution of the United States; and

5. Such other relief that the court/jury determines to be just and equitable.

Dated this: March 10, 2023

THE PLAINTIFF

Sylvester Traylor
881 Vauxhall St. Ext.
Quaker Hill, CT 06375
(860) 331-4436

**UNITED STATES DISTRICT COURT**
**DITRICT OF CONNECTICUT**

**SYLVESTER TRAYLOR**
        **Plaintiff**

vs.                        CIVIL ACTION:

Pacciuco LLC.,

Town of Waterford

Law Office of Lloyd Langhammer

PHH Mortgage Cooperation

Anthony Colvert Basilica Sr. and Jr.

State of Connecticut

        **Defendants**

                      **JURY TRIAL REQUESTED**
                      DATE: March 10, 2023

## PRAYER FOR RELIEF

a) **A JURY TRIAL**

b) Treble Damages pursuant to Connecticut Unfair Trade Act

c) Award Plaintiff fees, cost and damages;

e) Grant such other and further relief as the Court deems just and proper.

THE PLAINTIFFS

            /s/ Sylvester Traylor
            **Sylvester Traylor**
            **881 Vauxhall St. Ext.**
            **Quaker Hill, CT. 06375**
            **(860) 331-4436**
            **Email address: Syltr02@gmail.com**

27